IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | 1:12-cr-402-WSD-GGB-01 |
| LASHUNDA LOVELACE, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Lashunda Lovelace's ("Defendant") Motion for Reconsideration [40] ("Motion").

### I.   BACKGROUND

On July 9, 2013, Defendant pleaded guilty to: 1) Special Supplement Nutrition Program for Women, Infants, and Children (WIC) Fraud;[1] 2) Theft of Public Funds;[2] and Identification Document Fraud.[3] On October 9, 2013, the Court sentenced [33] Defendant to eighteen (18) months imprisonment on Counts 1-6, to run concurrently, and to supervised release for a term of three (3) years on

---

[1]   Counts One and Two of the Indictment [1].
[2]   Count Three of the Indictment.
[3]   Counts Four, Five, and Six of the Indictment.

Counts 1-6, to run concurrently, with the first five (5) months being served on home confinement.[4]  Defendant began serving her sentence on December 16, 2013.

On February 7, 2014, Defendant filed her "Motion to Change Method of Which Balance of Sentence is Served" [38] ("Sentence Motion").  In her Sentence Motion, an incomplete form document, Defendant requested that she be permitted to serve the remainder of her sentence on home confinement or in a halfway house.  On March 27, 2014, the Court concluded that no adequate basis existed to consider Defendant's request, and denied Defendant's Sentence Motion [39].

On August 8, 2014, Defendant filed her Motion, seeking reconsideration of the Court's denial of her Sentence Motion.  Defendant requests that the Court release her to a halfway house before December 23, 2014, at which point Defendant will have served approximately twelve months of her sentence.  Defendant seeks this relief on account of her health and the need to "get [her] family back together."  (Motion p. 2).  Defendant also notes that she has attended classes and has been working at the prison.  (Motion p. 1).  Defendant includes several documents in support of her Motion, including an "Inmate Skills

---

[4]   The Court amended its judgment [34] on November 1, 2013, to include a recommendation that Defendant be evaluated to determine if she suffers from substance abuse.

2

Development Plan," a certificate of completion for a parenting program, and a grade report.

## II.  DISCUSSION

The Court does not reconsider its orders as a matter of routine practice, and motions for reconsideration must be filed "within twenty-eight (28) days after the entry of the order or judgment."  LR 7.2 E., NDGa.  A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs., 450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

Defendant's Motion, filed over four months after the Court's March 27, 2014, is untimely.  See LR 7.2 E., NDGa.  Even if it was timely filed, the Court has

3

no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house.  See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); see also 18 U.S.C. § 3621(b)(5) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."); Clay v. Henderson, 524 F.2d 921, 924 (5th Cir.1975) (Bureau of Prisons possesses absolute authority, absent showing of abuse of discretion, to designate the place of a prisoner's confinement).  The Court thus will not reconsider its prior ruling denying Defendant's Sentence Motion.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration [40] is **DENIED**.

**SO ORDERED** this 9th day of September, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE